CENTRAL VICTORIA, Plaintiff and Appellant, v. WM. P. KRAMER, Chief of Forest Service, Defendant and Appellee.

No. 3779.   Argued January 22, 1926.—Decided March 11, 1926.

Cayetano Coll y Cuchí and G. Cruzado Silva for the appellant. Hon. George C. Butte, Attorney General, and F. G. Pérez Almiroty for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A complaint was filed in the District Court of San Juan

wherein certain lands were described as belonging to and being in the possesion of the complainant who charged the defendant William P. Kramer, his agents and employees, with having violently entered the land, cutting timber and authorizing other persons to take fuel from the land. The complaint further charged that the defendant not only did the foregoing acts but also tried to impede the complainant in its free use and enjoyment of the said lands. The complainant asked for an injunction to forbid the described acts.

In the complaint, to give color to the acts of the defendant, it is said that he claimed that the said lands fell under his custody and administration as Chief of the Forest Service of Porto Rico.

In response to this complaint the Attorney General of Porto Rico filed a paper writing entitled "Special Appearance and Motion to Dismiss." Therein it is recited that the defendant William P. Kramer by his attorneys, the Attorney General and assistants, appears specially for the sole purpose of attacking the jurisdiction of the court and asking a dismissal because the complaint which was directed against the Chief of the Forest Service in his official capacity was in reality an action against The People of Porto Rico and that the latter had not given its consent to be sued. With the complaint and the motion before it the court found or held, as the case may be, that the only party really interested in the controversy was The People of Porto Rico and that as its consent did not appear the court lacked jurisdiction.

There are two lines of decisions. One of them in its essence holds that when a defendant is truly acting in his representative capacity as the agent of the Government his acts are to be considered as the acts of the Government. *In Re Ayers et al.,* 123 U. S. 443; *Minnesota* v. *Hitchcock,* 185 U. S. 373. The other line of decisions is that when an agent acts tortiously he can not defend himself behind the shield of his supposed official authority. *Hopkins* v. *Clemson*

*College,* 221 U. S. 636, and cases; *Louisville & Nashville R. R. Co.* v. *Burr,* 44 L.R.A. (N. S.) 189.

If, for example, the Government in this case had set up a claim that the described lands in point of fact belonged to and were in possesion of The People of Porto Rico, room would be left to debate whether when a complaint alleging ownership and possession charges more or less violent acts on the part of another person claiming to be agent of the Government the action could only be brought with the consent of the latter. Debatable ground there still would be whether the mere averment of ownership and possession by the Government would prevent a complainant from asserting his ownership and possession in a suit. *People* v. *Rosaly,* 227 U. S. 270, was a suit in terms against The People of Porto Rico and the judgment was against The People of Porto Rico, ousting it from the property and giving rents and profits against the said body politic. It remains an open question whether if that suit had been brought solely against the persons in possession, they could have taken cover behind the broad mantle of The People of Porto Rico.

In the case before us it is necessarily admitted that the complainant is the owner and possessor of the described lands. Acts of trespass are alleged against the defendant. It is also conceded that he claims a right to the lands by virtue of his official capacity. The mere claim of the defendant does not derogate from the said admitted possession of the complainant.

Nor does the appearance of the Attorney General so derogate. His appearance is special and sets up no fact in opposition to the said admitted possession. He describes himself as the attorney of the defendant. If the acts of the latter are really tortious he can derive no benefit from the fact that his attorney is the Attorney General. The Attorney General carefully avoided making any claim for The People of Porto Rico except that it may not be sued save by its own con-

sent. The Attorney General can not be supposed officially to be espousing tortious acts. If such a supposition could be made, the Attorney General is still only an agent of the Government and an espousal on his part could not change the fact. A claim of possession, similarly, would not deprive the complainant of its day in court.

All suppositions aside, what the complaint charges are tortious acts of William P. Kramer in the lands of the complainant and the mention of his official title is only a *descriptio personae.* Possession in the complainant is alleged and the case under the averments falls within the line of decisions which afford no protection to an agent because of the fact that he is an official. The times when he is protected are when it duly appears that the acts were a necessary outcome of his official duties.

The judgment appealed from should be reversed and the case remanded for proceedings not inconsistent with this opinion.